14.15.00122.CV

Curtis Mack Lewis
TDCJ# 00646507
1300 FM 655
Rosharon, Texas 77583

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
FEB 10 2015
CHRISTOPHER A. PRINE
CLERK

February 2, 2015

Fourteenth Court of Appeals
1307 San Jacinto Street
Houston, Texas 77002

MAILED

Dear Clerk:

Please find enclosed Relator's Petition For Writ Of Mandamus. Please file the same with the Court as soon as Possible, and notify me of the file Number at the above Mailing Location. Thank You For Your assistance in this Matter.

Yours Truly,

Curtis M Lewis

IN THE FOURTEENTH COURT OF APPEALS

IN RE: CURTIS MACK LEWIS, Relator

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
FEB 10 2015
CHRISTOPHER A. PRINE
CLERK

MAILED

On Appeal From the 351st Judicial District
Harris County, Texas
Trial Court Cause No. 599582

On Petition For Writ of Mandamus

TO THE HONORABLE JUDGE OF SAID COURT:

Comes Now, Curtis Mack Lewis, Relator herein, and files this his Petition for Writ of Mandamus, and in support hereof, Shows the following:

I.

In the past Courts have held that Pro-se litigants untrained in the law shall be held to a lesser standing. So, as Relator is a pro-se litigant in this Mandamus proceeding and not trained in the law, Relator would ask this Court to afford him the diference of liberal construction in his pleadings and not restrict him to legal theories expressly raised in Relator's

(1)

petition, but to instead, view the overall grounds and merits of law where relator has remiss or is wrong, with an eye toward the attainement of substantial justice. Ex parte Stover, 946 S.W. 2d 343 (Tex. Crim. App. 1997); Miller v. Stanmore, 636 F. 2d 986, 999 (5th Cir. 1981); Haines v. Kerner, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed 2d 652 (1972).

## II.

## IDENTITY OF PARTIES

Pursuant to Tex. R. App. P. 52.3 (a), the Relator presents the following list of all parties and the names and the addresses:

1. Relator (Petitioner in the underlying Action) Curtis Mock Lewis TOCJ # 00646507, 1300 FM 655, Rosharom, Texas 77583.

2. Respondent / Trial Court Judge
The Honorable Kent Ellis, Harris County Courthouse, 1201 Franklin Street, (351st District Court) Houston, Texas 77002

(2).

3. Real Parties In Interest

Plaintiffs In the underlying Action

The State of Texas, Represented by:

Devon Anderson, Harris County District Attorney

Harris County Courthouse, 1201 Franklin, Houston, Texas 77002

## III.

## STATEMENT OF JURISDICTION

This Court has jurisdiction to grant Petition for Writ of Mandamus pursuant to Article V, Section 3 of the Texas Constitution and Texas Government Code § 22.002 (2005).

## IV.

## ISSUES PRESENTED FOR RELIEF

1. In an action filed under Chapter 64 of the Code of Criminal Procedure, requesting DNA testing of evidence, is the trial Court bound by the Standards of Procedures in Chapter 64.

(3)

## V.

## INDEX OF AUTHORITIES
### (State Cases)

Ex parte Stover, 946 S.W. 2d 343

In re: Johnson, 79 S.W. 3d 195

Rodgers v. State, 78 S.W. 3d 616

Clark v. State, 84 S.W. 3d 313

In re Cash, 99 S.W. 3d 286

Johnson, 811 S.W. 2d at 745

## INDEX OF AUTHORITIES Con't
### (State Constitution, Statutes and Codes)

Tex. Const. Art. V, Section 3

Tex. Code of Crim. Proc. Articles 64.01 – 64.05

### (U.S. Const. Fed. Cases + S. Ct. Cases)

Fifth Amendment, and Fourteenth Amendment;

Miller v. Stanmore, 636 F. 2d 986, 999

Haines v. Kerner, 404 U.S. 519, 92 S. Ct. 594.

(4)

Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194

## STATE BAR RULES

Rule 3.02-, Rule 3.04-, Rule 3.05, 3.09

## VI.

## STATEMENT OF FACTS
### (Procedural History)

In 1992, Relator was convicted in the Harris County District Court, 351st Judicial District, for the offense of (Rape). Relator pled not guilty, and the case was tried to a jury. Relator was found guilty and the jury assessed punishment at Life in the Texas Department of Criminal Justice - Institutional Division (TDCJ-ID).

The case was appealed to the First Court of Appeals, The conviction was affirmed on November 18, 1993, Lewis v. State, 01-92-00745-CR (Tex. App.-Houston [1st Dist.], no pet.) The Mandate was issued on March 7, 1994.

(5).

Relator has filed several writs of habeas corpus in the state courts unsuccessfully; A federal habeas corpus was filed in the U.S. District Court, that was dismissed as a successive petition. A Motion seeking authorization to proceed on a successive petition was filed in the 5th Circuit Court of Appeals, No. 14-20409. The 5th Circuit mooted the motion for authorization due to an order entered by the 351st district court [trial court], appointing counsel to represent Relator in pursuing DNA testing of evidence. The trial court has never notified Relator that counsel has been appointed, and counsel has never contacted Relator. It is apparent that the State does not intend to address Relator's DNA motion pending before the 351st district court.

## VII.

## ARGUMENT AND AUTHORITIES

Relator argues that, Chapter 64 of the Code of Criminal Procedure is a legal vehicle back into the trial court to test DNA evidence, and Articles 64.01, 64.02, 64.03, 64.04 and 64.05 sets out the procedure to be followed by the trial court

THE TRIAL COURT COMMITTED REVERSIBLE
ERROR BY FAILING TO RULE ON THE DNA
MOTION PENDING BEFORE IT.

The trial court is required to enter in writing an Order on a motion for DNA testing, absent of such an Order, effectively precludes Relator from appealing; Relator has the right to appeal from any findings of the trial court. In re Johnson, 79 S.W. 3d 195 (Tex. App. - Texarkana 2002). Relator is also denied due process of law under the 5th and 14th Amendments to the U.S. Const.

THE TRIAL COURT COMMITTED REVERSIBLE
ERROR BY FAILING TO RULE ON THE DNA
MOTION PENDING BEFORE IT. AND TO
APPOINT EFFECTIVE COUNSEL.

The trial judge has an ministerial duty to appoint "effective counsel to represent Relator in his proceedings for DNA testing once Relator has requested counsel. In re Rodriguez, 77 S.W. 3d 459 (Tex. App. - Corpus Christi 2002). Relator is also denied due process of law under the

(7)

5th and 14th Amendments to the U.S. Const.

THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY FAILING TO GRANT A HEARING BEFORE THE COURT ON STATUS AS INDIGENT AND FOR APPOINTMENT OF COUNSEL.

Relator filed a pro-se Motion for forensic DNA testing of biological evidence, and appointment of counsel, and the trial court has "TACITLY" denied Relator counsel and a hearing. Relator is entitled to "abatement" of his appeal from the trial Court's denial of his pro-se request. Rogers v. State, 78 S.W. 3d 616 (Tex. App. - Waco 2002). Relator is also denied due process of law under the 5th, 6th, and 14th Amendments to the U.S. Const.

RELATOR IS DENIED EFFECTIVE ASSISTANCE OF COUNSEL WHEN COUNSEL FAILS TO CONTACT RELATOR FOR SEVEN MONTHS AFTER BEING APPOINTED BY THE COURT.

(8)

The trial court is required to appoint counsel to represent Relator; ineffective counsel is the same as having no counsel. Trial court's error of failing to appoint counsel is reversible error. Clark v. State, 84 S.W. 3d 313 (Tex. App.-Beaumont 2002). Relator is also denied due process of law under the 5th, 6th, and 14th Amendments to the U.S. Const.

Counsel appointed by the trial court on August 14, 2014 to represent Relator in DNA proceedings has failed to meet his/her responsibility to provide Relator with his/her professional advice and judgment regarding DNA proceedings. Axel, 757 S.W. 2d at 374. If such advice is not given, Relator has suffered a deprivation of the right to effective assistance of counsel.... 757 S.W. 2d at 375.

The right to counsel as recognized in the Texas Constitution (Vernon's Ann. Tex. Const. Art. 1, §10) includes the right to consult with and be advised by counsel in the preparation of the case. (Vernon's Ann. C. Cr. P. Article 1.051 (a). The Supreme Court held that due process guarantees a defendant the right

(9).

to the guiding hand of counsel at every step in the proceeding against the defendant. Ferguson v. Georgia, 365 U.S. 570, 81 S. Ct. 756, 5 L. Ed 2d 783 (1961).

## THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY FAILING TO RULE ON DNA MOTION FOR FOUR YEARS.

The trial judge's failure to rule on Relator's DNA Motion for four years, violate Relator's due process rights. The Court of Appeals held that, the trial court's failure to act on a DNA Motion, entitled the prisoner to relief, where the act is Ministerial, and required the Court to act within a reasonable time. In re Cash, 99 S.W. 3d 286 (Tex. App.- Texarkana 2003). A writ will issue only, if the Respondent fails to comply with this opinion. In re Cash, at 288.

## CONCLUSION

Relator argues and concludes that his due process

rights are wholly violated by the 351st district Court judge, who has endeavored to intentionally and arbitrarily violated Relator's Constitutional rights by not requiring the prosecutor to disclose exculpatory evidence. [S]uppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution. Brady V. Maryland, 373 U.S. at 87, 83 S. Ct. at 1196-97.

## VIOLATION OF BAR RULES

The 351st district court judge, i.e., Kent Ellis, and Harris County District Attorney, i.e., Devon Anderson, are in violation of State Bar Rules:

3.02 - Minimizing the Burdens and Delays of Litigation

3.04 - Fairness in Adjudicatory Proceedings

3.05 - Maintaining Impartiality of Tribunal

3.09 - Special Responsibilities of a Prosecutor

(11.)

Proof of these allegations is self evident on the face of the entire DNA proceedings in Cause No. 599582.....

Curtis Mack Lewis/Relator
TDCJ # 00646507
1300 FM 655
Rosharon, Texas 77583

VERIFICATION

State of Texas )
County of Brazoria )

I, Curtis Mack Lewis, declare under penalty of perjury pursuant to 28 U.S.C. § 1746; V.A.T.S. Civil Practice and Remedies Code § 132.001 - 132.003 - (Johnson, 811 S.W. 2d at 97-98) that the facts stated herein are true and correct.

Curtis Mack Lewis/Declarant

(12)

## CERTIFICATE OF SERVICE

The undersigned hereby certify that I have served a copy of the foregoing Petition for Writ of Mandamus by placing same in the U.S. Mail on the 2nd Day of February 2015 A.D., Addressed To:

The Clerk of The
Fourteenth Court of Appeals

_Curtis Mack Lewis_
CURTIS Mack Lewis

(13)

Curtis Mack Lewis
TDCJ # 646507
Terrell Unit
1300 F.M. 655
Rosharon, Texas 77583

770023-7017

FOURTEENTH COURT OF APPEALS
1307 San Jacinto Street
Houston, Texas 77002
(Please Forward)